# Exhibit 1
# State Court Record

# Exhibit 1
# State Court Record



## LATHAM, ELIZABETH VS. FIRST RELIANCE STANDARD LIFE INS. CO.

**BOURBON CIRCUIT COURT**
**19-CI-00276**
Filed on **11/27/2019** as **CONTRACT** with **HON. BRIAN PRIVETT**

**** NOT AN OFFICIAL COURT RECORD ****

### Case Memo — 19-CI-00276

*div 2*

### Parties — 19-CI-00276

**FIRST RELIANCE STANDARD LIFE INS. CO.** as **DEFENDANT / RESPONDENT**

Address
- 590 MADISON AVENUE
- 29TH FLOOR
- NEW YORK NY 10022

Summons
- CIVIL SUMMONS issued on **11/27/2019** by way of **LONG ARM STATUTE - SOS**
- SOS RECVD 12/12/19

**LATHAM, ELIZABETH** as **PLAINTIFF / PETITIONER**
**THORNSBURY, ELIZABETH ANN** as **ATTORNEY FOR PLAINTIFF**

Address
- MEHR, FAIRBANKS & PETERSON
- 201 W SHORT ST, SUITE 800
- LEXINGTON KY 40507

### Documents — 19-CI-00276

**COMPLAINT / PETITION** filed on **11/27/2019**

### Images — 19-CI-00276

**COMPLAINT / PETITION** filed on **11/27/2019**   Page(s): 6

**SUMMONS** filed on **11/27/2019**   Page(s): 1

**COURTESY FINANCIAL TRANSACTION REPORT** filed on **11/27/2019**   Page(s): 1

**** End of Case Number : 19-CI-00276 ****

Filed       19-CI-00276    11/27/2019        Trina Huston, Bourbon Circuit Clerk

NOT ORIGINAL DOCUMENT
01/14/2020 12:42:53 PM
84382

COMMONWEALTH OF KENTUCKY
BOURBON CIRCUIT COURT
CIVIL DIVISION
CASE NO. _____
*Electronically Filed*

ELIZABETH LATHAM                                                         PLAINTIFF

vs.                              **COMPLAINT**

FIRST RELIANCE STANDARD LIFE INSURANCE                                   DEFENDANT
COMPANY

    **To be served through Kentucky Secretary of State:**
    590 Madison Avenue
    29th Floor
    New York, New York 10022

    \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, Elizabeth Latham, through counsel, and for her Complaint against First Reliance Standard Life Insurance Company, states as follows:

1. Plaintiff, Elizabeth Latham, is, and was, at all times relevant to the claims asserted herein, a citizen and resident of Bourbon County, Kentucky.

2. Defendant First Reliance Standard Life Insurance Company ("First RSL" or "Defendant") is an insurance company believed to be domiciled in the state of New York with its statutory home office located at 590 Madison Avenue, 29th Floor, New York, New York 10022.

3. First RSL has not filed information with the Kentucky Department of Insurance. Insufficient information is available to determine if First RSL authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000001 of 000006

Filed       19-CI-00276   11/27/2019        Trina Huston, Bourbon Circuit Clerk

NOT ORIGINAL DOCUMENT
01/14/2020 12:42:53 PM
84382

4. First RSL can be served through the Kentucky Secretary of State at its home office located at 590 Madison Avenue, 29th Floor, New York, New York 10022.

5. Jurisdiction and venue are proper in this Court because First RSL transacts business, issued a policy of insurance in, and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Bourbon County, Kentucky. Defendant's breach of its payment obligations took place in Bourbon County, where benefits are payable.

6. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of Tiffany and Company Jewelers, Inc. employed as a Craftsperson II.

7. Tiffany and Company Jewelers, Inc. is the fictitious name of foreign corporation Tiffany and Company.

8. The Defendant supplied and issued a policy of insurance to Tiffany and Company, where the Plaintiff obtained coverage for long-term disability ("LTD") insurance. The applicable insurance policy number is believed to be LTD 109406.

9. The LTD insurance policy provides for monthly disability benefit payments, based on a percentage of Plaintiff's pre-disability earnings.

10. Benefits are payable to Plaintiff under the LTD insurance policy because she is disabled, as defined in the insurance policy, from performing her past occupation at Tiffany and Company and any other gainful occupation.

11. The LTD policy defines disability and entitles Plaintiff to receive benefits, if Plaintiff meets the following definition:

> "Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness:

2

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000002 of 000006

Filed       19-CI-00276   11/27/2019        Trina Huston, Bourbon Circuit Clerk

Filed        19-CI-00276    11/27/2019        Trina Huston, Bourbon Circuit Clerk
NOT ORIGINAL DOCUMENT
01/14/2020 12:42:53 PM
84382

(1) during the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her regular occupation;
   (a) "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her regular occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period;
   (b) "Residual Disability" means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability; and
(2) after a Monthly Benefit has been paid for 24 months, an Insured cannot perform the material duties of any occupation. Any occupation is one that the Insured's education, training or experience will reasonably allow. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a full-time basis.

If an Insured is employed by you and requires a license for such occupation, the loss of such license for any reason does not in and of itself constitute "Total Disability".

12. Beginning in September 2017, the Plaintiff, while working at Tiffany and Company, became unable to complete the material duties of her occupation.

13. Plaintiff thereafter was unable to return to work beyond July 3, 2018 due to her disability.

14. Plaintiff is unable to perform the material duties of her regular occupation or any occupation on a part-time basis or part of the material duties of her regular occupation or any occupation on a full-time basis.

15. The Plaintiff became disabled as defined in her insurance policy and remains disabled.

16. The Plaintiff was and has been unable to perform the material duties of her regular occupation, and any other occupation, since on or about September 2017, as a result of injury or sickness.

3

Presiding Judge: HON. BRIAN PRIVETT (614383)
COM : 000003 of 000006
Filed        19-CI-00276    11/27/2019        Trina Huston, Bourbon Circuit Clerk

Filed         19-CI-00276    11/27/2019        Trina Huston, Bourbon Circuit Clerk NOT ORIGINAL DOCUMENT
01/14/2020 12:42:53 PM
84382

17. The Plaintiff applied for LTD benefits with the Defendant in a timely fashion and in the manner outlined in the insurance policy. Defendant's claim number for Plaintiff is 2018-07-11-0385-LTD-01.

18. On or about November 19, 2018, Defendant denied Plaintiff's claim for LTD benefits.

19. On December 4, 2018, the Social Security Administration approved Ms. Latham's claim for social security disability benefits with an effective date of disability of July 9, 2018.

20. By letter dated May 16, 2019, Plaintiff submitted a timely appeal to the Defendant requesting that the Defendant reconsider its denial of benefits. Plaintiff's appeal included updated medical records, an independent medical evaluation, the Notice of Award letter from Social Security Administration, and additional information in support of Plaintiff's claim for benefits.

21. Plaintiff thereafter provided additional information to First RSL in support of her LTD claim, including her disability file with the Social Security Administration.

22. By letter dated October 14, 2019, Defendant upheld its denial of Plaintiff's claim for LTD benefits.

23. The October 14, 2019, letter stated that Plaintiff "has the right to bring civil action under section 502(a) of the [Employee Retirement Income Security] Act following an adverse benefit determination on review."

24. The Plaintiff has exhausted any administrative remedies that may be required under the insurance contract, applicable policy, and/or by law.

25. Under the terms of the insurance policy, Plaintiff is entitled to continued monthly LTD benefits until the maximum benefit duration date in the policy.

Filed         19-CI-00276    11/27/2019        Trina Huston, Bourbon Circuit Clerk

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000004 of 000006

Filed 19-CI-00276 11/27/2019 Trina Huston, Bourbon Circuit Clerk NOT ORIGINAL DOCUMENT
01/14/2020 12:42:53 PM
84382

26. The Plaintiff is entitled to LTD benefits, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

27. The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*

## COUNT I

28. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

29. This count is brought under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denials of benefits under the applicable plan(s) and to recover benefits under the terms of the plan(s).

30. Defendant's decisions to deny benefits, and its refusal to approve benefits after receiving additional evidence on appeal, were wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

31. Defendant's internal review is not subject to abuse of discretion review, and Plaintiff's claim should be reviewed de novo.

32. Defendant has failed to perform a full and fair review as required under 29 U.S.C. § 1133 and the associated ERISA regulations.

33. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000005 of 000006

5

Filed 19-CI-00276 11/27/2019 Trina Huston, Bourbon Circuit Clerk NOT ORIGINAL DOCUMENT
01/14/2020 12:42:53 PM
84382

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendant for full contractual benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Respectfully submitted,

/s/ *Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
ERIK D. PETERSON
Email: edp@austinmehr.com
**Mehr, Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

6

Filed 19-CI-00276 11/27/2019 Trina Huston, Bourbon Circuit Clerk

Presiding Judge: HON. BRIAN PRIVETT (614383)

COM : 000006 of 000006

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>01/14/2020 12:43:11 PM<br>Case #: **19-CI-00276**<br>84382<br>Court: **CIRCUIT**<br>County: **BOURBON** |

*Plantiff*, **LATHAM, ELIZABETH VS. FIRST RELIANCE STANDARD LIFE INS. CO.**, *Defendant*

TO: **FIRST RELIANCE STANDARD LIFE INS. CO.**
　　**590 MADISON AVENUE**
　　**29TH FLOOR**
　　**NEW YORK, NY 10022**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

　　　　　　　　　　　　　　　　　　/s/ Trina Huston, Bourbon
　　　　　　　　　　　　　　　　　　Circuit Clerk
　　　　　　　　　　　　　　　　　　Date: **11/27/2019**

Presiding Judge: HON. BRIAN PRIVETT (614383)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

　　To: _____

☐ Not Served because: _____

Date: _____, 20 _____　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Served By

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Title

CI : 000001 of 000001

Summons ID: @00000049466
CIRCUIT: 19-CI-00276 Long Arm Statute – Secretary of State
LATHAM, ELIZABETH VS. FIRST RELIANCE STANDARD LIFE INS. CO.



Page 1 of 1

eFiled



**Commonwealth of Kentucky**
**Trina Huston, Bourbon Circuit Clerk**

NOT ORIGINAL DOCUMENT
01/14/2020 12:43:29 PM
84382

| Case #: **19-CI-00276** | Envelope #: **2074015** |
|---|---|
| **Received From:** ELIZABETH THORNSBURY | **Account Of:** ELIZABETH THORNSBURY |
| **Case Title:** LATHAM, ELIZABETH VS. FIRST RELIANCE STANDARD LIFE INS. CO. | **Confirmation Number:** 101868849 |
| **Filed On** 11/27/2019  3:00:07PM | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $1.00 |
| 5 | Court Facilities Fee | $25.00 |
| 6 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 7 | Money Collected For Others(Postage) | $12.55 |
| 8 | Money Collected For Others(Secretary of State) | $10.00 |
| 9 | Charges For Services(Copy - Photocopy) | $1.60 |
| 10 | Charges For Services(Attestation) | $0.50 |
| | **TOTAL:** | **$245.65** |

Generated: 12/2/2019                                                                                                   Page 1 of 1